# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| STANLEY FLOREZ, | ) |
| Plaintiff, | ) Case No. 2:24-cv-00019 |
| v. | ) |
| AMAZON.COM SERVICES, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** STANLEY FLOREZ ("Plaintiff"), by and through his undersigned counsel, complaining of AMAZON.COM SERVICES, LLC ("Defendant") as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA") seeking redress for: (1) discrimination on the basis of Plaintiff's disability; (2) Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA, (3) Defendant's interference with Plaintiff's FMLA rights; and (4) Defendant's retaliation against Plaintiff for invoking his FMLA rights.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA and FMLA are federal statutes.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

5. A charge of employment discrimination on the basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

6. Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* Exhibit B.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Zion, Illinois.

8. Defendant is a universally known online retailer that has operations across the United States, including Wisconsin.

9. Defendant operates multiple facilities in Wisconsin, including a facility in Kenosha, Wisconsin, where Plaintiff was employed.

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a Process Assistant from August 2016 until his unlawful termination on March 1, 2023 on the basis of his disability.

13. Plaintiff suffers from a depression disorder, a disability recognized under the ADA.

14. Plaintiff disclosed his depression disorder to Defendant on multiple occasions during his employment and Defendant was well aware of Plaintiff's medical condition.

15. In February 2023, Plaintiff's depression symptoms flared up and Plaintiff requested FMLA leave.

16. On February 13, 2023, Plaintiff was granted FMLA leave.

17. On March 1, 2023, while on FMLA leave, Defendant terminated Plaintiff's employment.

18. Specifically, Defendant terminated Plaintiff's employment on the false basis that Plaintiff committed bereavement fraud *years* prior to his termination.

19. The false basis for termination cited by Defendant was pre-text for disability-based discrimination and retaliation for Plaintiff's invocation of his FMLA rights.

20. Defendant's decision to terminate Plaintiff was not based on Plaintiff's work performance as Plaintiff's work performance was satisfactory.

21. Notably, Plaintiff was employed by Defendant for nearly 6 years before Defendant suddenly terminated his employment.

22. Accordingly, in light of the circumstances, the only plausible basis for Plaintiff's termination was due to Plaintiff's disability and his invocation of his rights under the FMLA.

23. As a result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish, emotional distress, and loss of enjoyment of life.

## COUNT I
## Violations of the Americans with Disabilities Act ("ADA")

24. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

25. The ADA prohibits an employer from discriminating against an employee based on the employee's disability.

26. Defendant discriminated against Plaintiff by terminating Plaintiff's employment on the basis of his disability.

27. As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff was granted FMLA leave due to his disability.

28. Defendant's conduct was willful and a clear violation of Plaintiff's rights under the ADA.

29. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Loss of benefits;

    d. Liquidated damages;

    e. Compensatory and punitive damages;

    f. Plaintiff's attorney's fees and costs;

    g. An award of pre-judgment interest if applicable; and

    h. An award of any further relief this Court deems just and proper.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Retaliation)

30. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein

31. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

32. As set forth above, Plaintiff requested and was granted FMLA leave due to his disability.

33. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

34. Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating his employment and depriving him of his rights under the ADA.

35. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

36. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

37. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

**WHEREFORE**, Plaintiff requests the following relief:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Loss of benefits;

d. Liquidated damages;

e. Compensatory and punitive damages;

f. Plaintiff's attorney's fees and costs;

g. An award of pre-judgment interest if applicable; and

h. An award of any further relief this Court deems just and proper..

## COUNT III
### Violations of the Family Medical Leave Act
### (FMLA Retaliation)

38. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein

39. Defendant unlawfully retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff's employment.

40. As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff requested and was granted FMLA leave.

41. Defendant intentionally engaged in an unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for invoking his FMLA rights.

42. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

43. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests the following relief:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Loss of benefits;

d. Liquidated damages;

e. Compensatory and punitive damages;

f.  Plaintiff's attorney's fees and costs;

g.  An award of pre-judgment interest if applicable; and

h.  An award of any further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 4, 2023                                            Respectfully submitted,


*/s/ Mohammed O. Badwan*
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com