# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| STANLEY FLOREZ, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:24-cv-00019 |
| v. | ) |
| AMAZON.COM SERVICES LLC, | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES the Defendant Amazon.Com Services LLC ("Defendant") and answers the Complaint filed by Plaintiff as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA") seeking redress for: (1) discrimination on the basis of Plaintiff's disability; (2) Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA, (3) Defendant's interference with Plaintiff's FMLA rights; and (4) Defendant's retaliation against Plaintiff for invoking his FMLA rights.

**ANSWER:** Defendant admits that Plaintiff brings discrimination, retaliation, and interference claims under the ADA and FMLA, but denies the remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA and FMLA are federal statutes.

**ANSWER:** Defendant admits the federal jurisdictional allegations in Paragraph 2 of the Complaint.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ANSWER:** Defendant admits the venue allegations in Paragraph 3 of the Complaint. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

**ANSWER:** The allegations in Paragraph 4 of the Complaint are legal conclusions for which no response is required.

5. A charge of employment discrimination on the basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

**ANSWER:** Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* Exhibit B.

**ANSWER:** Defendant admits the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Zion, Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 7 of the Complaint on information and belief.

8. Defendant is a universally known online retailer that has operations across the United States, including Wisconsin.

**ANSWER:** Defendant admits that Amazon.com Services LLC has operations in Wisconsin. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant operates multiple facilities in Wisconsin, including a facility in Kenosha, Wisconsin, where Plaintiff was employed.

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

**ANSWER:** Defendant admits the allegations in Paragraph 10 of the Complaint.

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**ANSWER:** Defendant admits that it has at least fifteen employees. The remaining allegations in Paragraph 11 of the Complaint are legal conclusions for which no response is required.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a Process Assistant from August 2016 until his unlawful termination on March 1, 2023 on the basis of his disability.

**ANSWER:** Defendant admits that Plaintiff was hired as a Fulfillment Associate on or about August 18, 2016, that he became a Process Assistant during his employment, and that he was lawfully terminated for a violation of Company policy on or about March 2, 2023. Defendant denies it violated the law and any remaining allegations in Paragraph 12 of the Complaint.

13. Plaintiff suffers from a depression disorder, a disability recognized under the ADA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 13 of the Complaint.

14. Plaintiff disclosed his depression disorder to Defendant on multiple occasions during his employment and Defendant was well aware of Plaintiff's medical condition.

**ANSWER:** Defendant denies the allegations in Paragraph 14 of the Complaint.

15. In February 2023, Plaintiff's depression symptoms flared up and Plaintiff requested FMLA leave.

**ANSWER:** Defendant admits that Plaintiff requested FMLA leave in February 2023. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 15 of the Complaint.

16. On February 13, 2023, Plaintiff was granted FMLA leave.

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. On March 1, 2023, while on FMLA leave, Defendant terminated Plaintiff's employment.

**ANSWER:** Defendant admits that Plaintiff was terminated for a violation of Company policy on or about March 2, 2023. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Specifically, Defendant terminated Plaintiff's employment on the false basis that Plaintiff committed bereavement fraud *years* prior to his termination.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. The false basis for termination cited by Defendant was pre-text for disability-based discrimination and retaliation for Plaintiff's invocation of his FMLA rights.

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant's decision to terminate Plaintiff was not based on Plaintiff's work performance as Plaintiff's work performance was satisfactory.

**ANSWER:** Defendant admits that Plaintiff was terminated for not meeting behavioral expectations. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21. Notably, Plaintiff was employed by Defendant for nearly 6 years before Defendant suddenly terminated his employment.

**ANSWER:** Defendant admits that Plaintiff was employed by the Defendant from approximately August 18, 2016, until March 2, 2023. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22. Accordingly, in light of the circumstances, the only plausible basis for Plaintiff's termination was due to Plaintiff's disability and his invocation of his rights under the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23. As a result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish, emotional distress, and loss of enjoyment of life.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

# COUNT I
## Violations of the Americans with Disabilities Act ("ADA")

24. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to the Paragraphs alleged above as though fully stated herein.

25. The ADA prohibits an employer from discriminating against an employee based on the employee's disability.

**ANSWER:** Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant discriminated against Plaintiff by terminating Plaintiff's employment on the basis of his disability.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff was granted FMLA leave due to his disability.

**ANSWER:** Defendant admits that Plaintiff was terminated on or about March 2, 2024. Defendant admits Plaintiff was terminated after the completion of requested FMLA leave. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant's conduct was willful and a clear violation of Plaintiff's rights under the ADA.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

# COUNT II
## Violation of the Americans with Disabilities Act
## (Retaliation)

30. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to the Paragraphs alleged above as though fully stated herein.

31. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 31 of the Complaint.

32. As set forth above, Plaintiff requested and was granted FMLA leave due to his disability.

**ANSWER:** Defendant admits that Plaintiff was granted FMLA leave during his employment with Defendant. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating his employment and depriving him of his rights under the ADA.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

37. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

### COUNT III
### Violations of the Family Medical Leave Act
### (FMLA Retaliation)

38. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to the Paragraphs alleged above as though fully stated herein.

39. Defendant unlawfully retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff's employment.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

40. As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff requested and was granted FMLA leave.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant intentionally engaged in an unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for invoking his FMLA rights.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Amazon.com Services LLC ("Defendant") for its affirmative defenses states:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate Plaintiff's alleged damages.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent damages for multiple claims are duplicative.

WHEREFORE, Defendant denies all liability and denies Plaintiff has sustained any damages as a result of Defendant's alleged acts or omissions, and requests that this Court enter judgment in its favor and against Plaintiff, including awarding Defendant its costs.

Dated: March 22, 2024

Respectfully submitted,

/s/ *Stacey L. Smiricky*
Stacey L. Smiricky
Stacey.smiricky@faegredrinker.com
320 S. Canal St., Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 22, 2024, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** herein with the Clerk of the United States District Court, Eastern District of Wisconsin, Milwaukee Division, using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants.

                                                          /s/ _Stacey L. Smiricky_